IN THE CIRCUIT COURT OF THE
4th JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

STEVEN SCOTT

        Plaintiff,

Case No. 2019-

vs.

SUN COMMUNITIES & SUN RV RESORTS,
d/b/a PECAN PARK RV RESORT,

        Defendant.

_____/

## COMPLAINT

**NOW COMES** Plaintiff, **STEVEN SCOTT**, by and through his undersigned attorney, MICHAEL G. HEILMANN, P.C., and hereby sues Defendant, SUN COMMUNITIES & SUN RV RESORTS, d/b/a PECAN PARK RV RESORT, and for his Complaint alleges:

### COUNT I:

### NEGLIGENCE OF DEFENDANT SUN COMMUNITIES & SUN RV RESORTS, D/B/A PECAN PARK RV RESORT

1. This is a Complaint for damages that exceeds Fifteen Thousand ($15,000.00) Dollars, and is otherwise within the jurisdiction of this Court.

2. By information and belief, Defendant Sun Communities & Sun RV Resorts, d/b/a Pecan Park RV Resort, is a Michigan Corporation doing business in Duval County State of Florida.

3. Plaintiff, STEVEN SCOTT, was a resident of Jacksonville, Florida at the time of this incident and is now a resident of Largo, Florida.

4. On or about April 1, 2017 Plaintiff, STEVEN SCOTT, entered into a lease agreement with Defendant to lease a public accommodation and amenities which included, bathroom facilities on Lot 415 at 650 Pecan Park Rd., Jacksonville, FL.

5. At that time and place, Defendant negligently operated or maintained a bathroom for the use of its guests with hidden hazards that made it unreasonably dangerous to use.

6. That on or about June 12, 2017, Plaintiff used the shower facility at Defendant RV Park, which the shower facility was defective and dangerous to the RV Park guests as, vinyl molding, was falling off the shower base and served as a strip hazard and further, was ultra-hazardous to sight, impaired individuals such as the Plaintiff who is blind.

7. Plaintiff tripped on the defective condition of the shower facility at Defendant RV Park, and was thrown to the floor of the bathroom facility at the Defendant RV Park.

8. That Defendant RV Park, is a public accommodation that must comply with 42 U.S.C. § 12181 - U.S. Code - Unannotated Title 42. The Public Health and Welfare § 12181, which defines a:

> (7) Public accommodation
>
> The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce
>
> > (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor and as such the Defendant RV park was a public accommodation.

9. That Defendant RV Park, is a public accommodation that must comply with 42 U.S.C. § 12182 - U.S. Code - Unannotated Title 42. The Public Health and Welfare § 12182. Prohibition of discrimination by public accommodations and by maintaining the RV Park in a defective and dangerous condition, the Park discriminated against Plaintiff who is sight impaired as the statute provides that:

> (B) No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

(2) Specific prohibitions

(A) Discrimination

For purposes of subsection (a) of this section, discrimination includes:

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

10. In order to create a safe environment for visually impaired patrons such as the Plaintiff, STEVEN SCOTT, fixtures must be detectable with a cane.

11. A shower facility. in a public accommodation, in its present condition on the aforementioned date, was not detectable by Steven Scott.

12. As a result of the fall on the date in question, Plaintiff suffered bodily injury to his head, neck, spine and nervous system and resulting pain and suffering, disability, disfigurement, headaches, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff prays for judgment for damages in excess of $15,000.00, costs, pre-judgment interest where applicable and such other relief as this Court may deem just and appropriate.

/s/ Michael G. Heilmann
Michael G. Heilmann
Florida Bar No. 353957
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800
mgh@dialaw.net
cassie@dialaw.ne t
**ATTORNEY FOR PLAINTIFF**

Dated: October 16, 2019

## DEMAND FOR JURY TRIAL

Plaintiff, STEVEN SCOTT, hereby demands a trial by jury on all issues so triable.

/s/ Michael G. Heilmann
Michael G. Heilmann
Florida Bar No. 353957
23394 Goddard Road
Taylor, MI 48180
(734) 307-3800
mgh@dialaw.net
cassie@dialaw.ne t
**ATTORNEY FOR PLAINTIFF**

Dated: October 16, 2019